UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

KYLE CANAMORE,

    Plaintiff,

vs.

BREVARD COUNTY TAX COLLECTOR,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, KYLE CANAMORE ("Mr. Canamore" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, BREVAD COUNTY TAX COLLECTOR ("Defendant" or "BC"), and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Titusville, Brevard County, Florida.

4. Defendant is located and conducts business in Titusville, Brevard County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same set of operative facts and circumstances as his ADA claim.

9. Plaintiff worked for Defendant in Brevard County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

10. On or about May 16, 2022, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination.

11. On or around August 25, 2022, the EEOC issued Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claim within ninety (90) days of his receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Canamore worked for BC in Titusville, Brevard County, Florida, as a PC Computer Technician from January 25, 2021, until his termination on August 18, 2021.

16. Shortly after his employment began Mr. Canamore disclosed to BC management that he suffered from disabilities, namely Post Traumatic Stress Disorder ("PTSD") and anxiety disorder.

17. Mr. Canamore's health conditions are considered protected disabilities under the ADA/FCRA.

18. Despite this, Mr. Canamore was able to work well until he was severely verbally harassed by Supervisor, Lisa Cullen ("Ms. Cullen").

19. Specifically on August 6, 2021, Ms. Cullen unprofessionally and aggressively berated Mr. Canamore for what she believed was work-related error.

20. Ms. Cullen, relishing in the opportunity to push around her employee, also informed Mr. Canamore that he was required to draft an email to his direct Supervisor, William Mitaliski ("Mr. Mitaliski"), apologizing for the perceived error.

21. Ms. Cullen's hostile behavior triggered Mr. Canamore's disabilities and on August 9, 2021, he suffered a mental health breakdown, which resulted in him "blacking out" for the entire day.

22. On August 10, 2021, Mr. Canamore sent an email to Mr. Matinski, disclosing that his disability symptoms had flared up, and asked for the reasonable

accommodation of a short leave of absence to be attend medical appointments and treat his symptoms.

23. On Monday, August 16, 2021, Mr. Canamore returned to work at BC with a note from his treating physician.

24. BC refused to accept the doctor's note and demanded a formal medical release in order for Mr. Canamore to be permitted to return to work.

25. Mr. Canamore therefore contacted the Veterans Administration and scheduled appointments so he could get the requested medical release.

26. Before Mr. Canamore was able to secure the release, on August 17, 2021, BC informed him that it had put him on "administrative leave," but offered no explanation for this decision.

27. On August 18, 2021, BC terminated Mr. Canamore without explanation.

28. It is clear that BC discriminated against Mr. Canamore due to his disability and need for reasonable accommodations.

29. Defendant did not have a legitimate, non-discriminatory reason for its actions.

30. BC terminated Mr. Canamore's employment owing to his disability and requests for accommodation, and/or its perception of Mr. Canamore as disabled.

31. The timing of Plaintiff's disclosure of his disability and BC's mistreatment of Plaintiff and termination of Plaintiff's employment creates a close temporal proximity between the events.

32. Mr. Canamore's health condition is considered a protected disability under the ADA.

33. Plaintiff was qualified to perform the essential functions of the position, but BC believed that due to his disability, and/or its perception of Plaintiff's disability, Plaintiff could not continue employment with Defendant.

34. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

35. Defendant failed to accommodate Plaintiff's disability and related symptoms, despite being able to without undue burden.

36. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

37. Defendant lacked a good faith basis for its actions.

38. BC was aware of Mr. Canamore's ADA- and FCRA-protected medical condition and his need for accommodation.

39. Defendant, however, being well aware of Plaintiff's disability,

discriminated against Plaintiff for requiring reasonable accommodation for same.

40. Mr. Canamore is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the PC technician position.

41. Reasonable accommodation would have permitted Mr. Canamore to perform his job duties, and would have imposed no undue hardship on Defendant.

42. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

43. Defendant's reason for terminating Plaintiff's employment is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

44. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

45. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

46. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from

completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

47. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

48. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

49. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

50. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

51. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

52. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

53. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of his disability and/or "perceived disability."

54. As a result of Defendant's unlawful and discriminatory termination of

his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

55. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

56. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

57. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 56 of the Complaint, above, as if fully set forth in this Count.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

59. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

60. Defendant unlawfully terminated Plaintiff's employment based on his medical condition and disability, and/or perceived disability.

61. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

62. The conduct of Defendant was so willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

64. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 56 of the Complaint, above, as if fully set forth in this Count.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

66. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

67. Defendant unlawfully terminated Plaintiff's employment based on his medical condition and disability, and/or perceived disability.

68. Plaintiff has suffered damages as a result of Defendant's illegal conduct

toward him.

69. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 22nd day of November, 2022.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*